IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTHONY JARAMILLO**,

    **Plaintiff,**

v.                                                           Case No. 1:11-cv-980 RB/WDS

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. [Doc. 22.] Having considered Plaintiff's motion and memorandum [Docs. 22 , 23], Defendant's response [Doc. 24], and Plaintiff's Reply [Doc. 25], the administrative record and applicable law, the Court recommends Plaintiff's motion be DENIED.

### I. Background

Plaintiff was born April 16, 1964. Tr. 134. He graduated from high school with an automotive mechanics certificate. Tr. 38. He has past work experience as a driver, a valet, landscaper, caregiver, and custodian. Tr. 176, 237.

Plaintiff applied for disability insurance benefits on April 6, 2009, alleging a disability onset date of December 9, 2006. Tr. 134. He claimed he was disabled due to neck and back injuries, depression and anxiety, a fractured clavicle, and sleep apnea. Tr. 72. Plaintiff's applications were

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

denied initially and on reconsideration. Tr. 72, 79. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Tr. 86. The hearing was held March 28, 2011. Tr. 32. Plaintiff was represented by an attorney, and both he and a vocational expert testified. Tr. 32.

On June 23, 2011, the ALJ issued a decision finding Plaintiff was not disabled. Tr. 11–26. Plaintiff filed a request for review with the Appeals Council. Tr. 7–10. The Appeals Council denied the request for review, Tr. 1–3, thus rendering the ALJ's decision the final decision of the Commissioner from which Plaintiff now appeals pursuant to 42 U.S.C. § 405(g).

## II. Legal Standards

This Court may review the Commissioner's decision only to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). The substantial evidence standard requires more than a scintilla, but less than a preponderance of evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.*

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988); 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* at 750–51. If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis

proceeds to step three. *Id.* at 751. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Williams*, 844 F.2d at 751. If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity (RFC) "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III. Summary of ALJ's Decision and Plaintiff's allegations of error

At step one, the ALJ found Plaintiff had worked since the alleged onset date of December 9, 2006, but that the work activity did not rise to the level of substantial gainful activity. Tr. 16. At step two, the ALJ found Plaintiff has the following severe impairments: depression, posttraumatic stress disorder (PTSD), sleep apnea, cervical and lumbar degenerative disc disease, and headaches. Tr. 16. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of a listed impairment. Tr. 16 - 18. In reaching this conclusion, the ALJ determined that Plaintiff has mild restrictions in the activities of daily living and in social functioning, and moderate difficulties in concentration, persistence or pace. Tr. 17.

At step four, the ALJ found Plaintiff has the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except with the following limitations:  The claimant should avoid all exposure to direct sunlight.  Additionally, work is limited to simple, routine, repetitive and unskilled tasks."  Tr. 18.  Based on this RFC, the ALJ concluded Plaintiff could not perform any of his past relevant work.  Tr. 24.  At step five, relying on a vocational expert, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.  Tr. 25.  The ALJ accordingly reached the conclusion that Plaintiff is not disabled.  Tr. 26.

Plaintiff alleges the following error:  the ALJ's hypothetical questions to the vocational expert did not include all of Plaintiff's functional limitations, and the ALJ's step five findings therefore do not amount to substantial evidence.

## IV.  Discussion

Consulting examiner Dr. Charles Mellon found that Plaintiff has moderate limitations in the three activities associated with one of the four categories of mental functioning: Sustained Concentration and Task Persistence.  Tr. 426.  Consulting physician Dr. Scott Walker found Plaintiff has a number of moderate limitations in the activities associated with all four categories of mental functioning.  Tr. 427–28.  Plaintiff argues the ALJ's hypotheticals to the vocational expert failed to take into account these moderate limitations, and therefore the vocational expert's testimony does not amount to substantial evidence.  The Court rejects this argument.

At step three, the ALJ discussed the moderate mental impairments Dr. Mellon found and concluded that Plaintiff's mental impairments do not meet a listing.  Tr. 17–18.  As the ALJ acknowledged, the "paragraph B" criteria utilized to rate the severity of mental impairments at steps

4

two and three are not a determination of RFC.  Tr. at 18.  In accordance with SSR 96-8p, the ALJ therefore went on to perform a more detailed assessment to evaluate Plaintiff's mental RFC.

In evaluating Plaintiff's mental RFC, the ALJ observed that although Plaintiff had been diagnosed with mood disorder, panic, and depression, consulting examiner Dr. Wynne noted Plaintiff "could read and understand basic written instructions, and his concentration and ability to persist at simple work tasks was no more than mildly impaired.  [Dr. Wynne] further states that the claimant could interact well with the general public, changes in the workplace, recognize hazards, and manage his own benefits."  Tr. 20, 286.

The ALJ further noted that Dr. Mellon had diagnosed Plaintiff with major depression, and that Plaintiff's ability to carry out instructions, attend and concentrate and work without supervision were moderately limited.  Tr. 20, 425–26.  On the other hand, Dr. Mellon stated Plaintiff's ability to understand and remember detailed or complex instructions and very short simple instructions is not limited, nor are his abilities to interact with the public, co-workers and supervisors, nor to adapt to changes in the workplace.  Tr. 20, 425–26.

On the basis of the opinions of Drs. Wynn and Mellon, the ALJ limited Plaintiff to simple, routine, repetitive tasks.  Tr. 24.  The RFC and each of the hypotheticals the ALJ presented to the vocational expert contained these limitations, with the additional description that the work be "unskilled."  Tr. 58–63, 65.

Plaintiff claims the ALJ failed to incorporate the moderate limitations into the RFC presented to the vocational expert.  This argument invokes the rule that "testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."  *Hargis v. Sullivan*, 945 F.2d 1482, 1492

(10th Cir. 1991) (citation and alterations omitted).

The Court concludes the limitation to "simple" and "unskilled" work adequately accounts for Plaintiff's mental limitations. Thus, there was no need for the ALJ to identify in the RFC or in the hypotheticals the specific moderate limitations that limit Plaintiff to unskilled work. The agency's definition of the term "unskilled" is "work which needs little or no judgment to do *simple* duties." *Zaricor-Ritchie v. Astrue*, 452 F.App'x 817, 825 (10th Cir. 2011) (unpublished) (emphasis in original) (citing 20 C.F.R. § 404.1568(a)). According to Social Security regulations, the "basic mental demands of unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work conditions; and to deal with changes in a routine setting." SSR 85-15, 1985 WL 56857, *4 (1985). Dr. Mellon stated Plaintiff is not limited in any of these categories. Tr. 425–26. Dr. Walker opined a few moderate limitations in some of the activities that make up these categories, but stated the limitations did not prevent Plaintiff from carrying out simple instructions, interacting with others, and responding to changes in a routine work setting. Tr. 429.

This case is unlike *Craft v. Astrue* where the ALJ erred on several levels. She failed to perform a proper step two analysis, failed to determine whether the claimant had the mental capacity for unskilled work, and failed to determine the weight to accord the opinions of various physicians. *Craft v. Astrue*, 539 F.3d 668, 675–78 (7th Cir. 2008). Accordingly, the Seventh Circuit could not reliably conclude that the limitation to unskilled work accounted for mental limitations. *Craft*, 539 F.3d at 677 ("Here, the use of the term 'unskilled' is unhelpful because we cannot discern whether the ALJ actually found Craft to have those abilities.") In this case by contrast, the ALJ committed none of these errors, and moreover, there is a clear and logical connection, explicit in the ALJ's

6

decision, that links Plaintiff's mental impairments to the capacity for unskilled work.

This case also is unlike *Chapo v. Astrue*. In *Chapo*, the ALJ gave no weight to the opinion of a physician, Dr. Vega, who assessed the plaintiff with serious mental limitations; the ALJ arrived instead at less restrictive mental limitations in the RFC. *Chapo v. Astrue*, 682 F.3d 1285, 1287–88 (10th Cir. 2006). Although Dr. Vega (who was the only acceptable medical source to opine on mental limitations) found moderate to extreme limitations in all categories of mental functioning which he concluded would render the plaintiff unable to function in the workplace for the foreseeable future, the ALJ omitted all but one of the limitations from the hypothetical to the vocational expert. *Chapo*, 682 F.3d at 1289–90 & n.3. As a result, the hypothetical to the vocational expert, which did not even include a restriction to "simple" work, was fatally defective. *Chapo*, 682 F.3d at 1292.

Plaintiff's case here is in no way analogous. Not only did the ALJ accord full weight to the medical opinions regarding Plaintiff's mental limitations, he incorporated them into the mental RFC, and the hypotheticals accurately reflected the RFC. The Court finds no basis in *Chapo* to remand this case.

Plaintiff relies on a footnote in *Chapo* which suggests that in some instances, a restriction to simple or unskilled work may not account for mental limitations. *Chapo*, 682 F.3d at 1290 n.3. While this certainly is true in the case of a claimant such as the one in *Chapo* who suffered from many marked and extreme mental limitations, it is not true in Plaintiff's case. Plaintiff is not precluded from unskilled work merely because he has some moderate limitations. *See Heinritz v. Barnhart*, 191 F.A'ppx 718, 721–22 (10th Cir. 2006) (unpublished) (finding moderate limitations in two of the four categories are not inconsistent with unskilled work). A claimant who has "a

substantial loss of ability to meet any of these basic work-related activities" may be unable to perform even unskilled work. SSR 85-15, 1985 WL 56857, at *4.[2] Plaintiff does not have a substantial loss of ability; he has only moderate limitations, and only in some of the component activities. Three physicians noted moderate mental impairments at most, and none of the physicians expressed an opinion that the limitations would prevent Plaintiff from functioning in the workplace. Accordingly, a limitation to "simple" and "unskilled" work is adequate in Plaintiff's case to convey his moderate mental limitations. *See Wendelin v. Astrue*, 366 F.App'x 899, 904 (10th Cir. 2010) (limitation to unskilled work corresponds to ability to perform simple duties and properly accounts for limitation in ability to concentrate); *Heinritz v. Barnhart*, 191 F. App'x 718, 721–21 (10th Cir. 2006) (unpublished) (claimant's moderate limitations are not inconsistent with RFC determination limiting him to unskilled work).

Finally, Plaintiff argues remand is required because the "ALJ's decision did not provide any rationale discrediting the limitations found by either Dr. Mellon or Dr. Walker[.]" [Doc. 23 at 5.] No rationale was required because the ALJ did not discredit the opinions of Drs. Mellon and Walker regarding Plaintiff's mental limitations. To the contrary, the ALJ fully credited them both, as well as the opinion of a third consulting examiner, Dr. Wynne. Tr. 23 ("...I concur in [the opinions of the State Agency medical consultants] with respect to claimant's mental health diagnoses and

---

[2]SSR 85-15 relates to the use of the "Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments." 1985 WL 56857 (1985). Plaintiff has exertional as well as nonexertional limitations. Although SSR 85-15 is intended to provide guidance in situations where the claimant has only nonexertional limitations, it is instructive for its elaboration on the requirements for unskilled work. Furthermore, caselaw in this Circuit suggests SSR 85-15 applies even in the presence of exertional impairments. *See Pruitt v. Chater*, No. 96-5128, 1997 WL 66535 (10th Cir. Feb. 18, 1997) (unpublished); *Williams v. Chater*, No. 95-7057, 1996 WL 60473 (10th Cir. Feb. 12, 1996) (unpublished); *Roulston v. Shalala*, No. 94-7064, 1995 WL 41671 (10th Cir. Feb. 3, 1995).

limitations[.]; Tr. 24 ("In reaching this decision I have placed great weight on the opinions of Drs. Wynne and Mellon as it relates to claimant's limitations resulting from his mental health conditions.") There is thus no merit to Plaintiff's argument that the ALJ relied only on evidence favorable to his position while ignoring other evidence, or his argument that the ALJ failed to explain the weight given to Dr. Walker's opinion.

## V. Conclusion

The Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 22] be **DENIED.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**