IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTHONY JARAMILLO**,

    **Plaintiff,**

v.

                                   **No. CIV11-0980 RB/RHS**

**CAROLYN W. COLWIN,[1]**
**Acting Commissioner of Social Security,**

    **Defendant.**

## ORDER APOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** came before the Court on Plaintiff=s Motion to Reverse or Remand Administrative Agency Decision (Doc. 22) and Defendant=s Response thereto.  Having reviewed the record *de novo* and considered the United States Magistrate Judge's Proposed Findings and Recommended Disposition, and Plaintiff's objections thereto, and being otherwise fully advised, the Court finds that the Motion to Reverse or Remand Administrative Agency Decision should be DENIED.

### BACKGROUND

Plaintiff applied for social security disability benefits in April 2009.  The application was denied initially and on reconsideration (Doc. 20-5).  After being denied benefits twice, Plaintiff requested a hearing before a Social Security Administrative Law Judge (ALJ), and the hearing was held in March 2011.  An attorney represented Plaintiff at the hearing.  The ALJ issued a written decision and found that Plaintiff was not disabled (Doc. 20-3).  Plaintiff sought review with the

---

[1] Carolyn W. Colvin, the Acting Commissioner of Social Security, was automatically substituted as the named defendant in this case in place of the former Commissioner, Michael J. Astrue. *See* FED. R. CIV. P. 25(d).

Social Security Appeals Council, which denied review (Doc. 20-3).

Plaintiff sued in federal court in November 2011. He filed his Motion to Reverse or Remand Administrative Agency Decision (Docs. 22, 23), the Social Security Commissioner's responded (Doc. 24), and Plaintiff replied (Doc. 25). After reviewing the briefing, the Magistrate Judge filed Proposed Findings and Recommended Disposition (Doc. 27), which recommends denying Plaintiff's Motion to Reverse or Remand and upholding the Social Security Commissioner's decision to deny disability benefits. Plaintiff filed timely objections to the Magistrate Judge's recommended disposition (Doc. 28), which are considered here.

## SOCIAL SECURITY DISABILITY FIVE-STEP ANALYSIS

This Court reviews the ALJ's decision-making process. The ALJ is required to review the case in a sequential five-step process to determine disability. 20 C.F.R. ' 404.1520.

1. The ALJ found in favor at step one by finding that Plaintiff's work activity since the alleged onset date of the disability did not rise to the level of substantial gainful activity.

2. The ALJ determined that Plaintiff satisfied step two because Plaintiff has depression, posttraumatic stress disorder, sleep apnea, cervical and lumbar degenerative disc disease, and headaches.

3. At step three, the ALJ found that Plaintiff had mild restrictions in daily living and social functioning, and moderate difficulties in concentration, persistence and pace. Because the ALJ did not find that Plaintiff's impairments meet or equal the severity of a listed impairment, which would have qualified the Plaintiff for benefits, the ALJ proceeded to step four.

4. At step four, the ALJ considered Plaintiff's residual functional capacity and found that

2

Plaintiff could perform sedentary work, but Plaintiff should avoid exposure to direct sunlight and Plaintiff was limited to simple, routine, repetitive and unskilled tasks.  Because of this residual functional capacity, the ALJ concluded that Plaintiff could not perform any of his past relevant work.

None of the ALJ's findings and conclusions for steps one through four disqualified Plaintiff from disability benefits.

5.  The analysis continued to step five, where the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and asked questions at the hearing of a vocational expert.  The ALJ decided that there are a significant number of jobs in the national economy that Plaintiff could perform, and therefore concluded that Plaintiff did not qualify for social security disability benefits.

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal.  The factual findings at the administrative level are conclusive "if supported by substantial evidence."  42 U.S.C. ' 405(g).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005).  Substantial evidence is less than a preponderance.  Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases."  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

**OBJECTIONS**

In the Motion to Reverse or Remand Administrative Agency Decision (Doc. 23), Plaintiff argued that the ALJ's step five findings do not amount to substantial evidence because the ALJ's hypothetical questions to the vocational expert did not include all of the functional limitations established by the medical evidence. The Magistrate Judge rejected this argument. In his objections to the Magistrate Judge's recommended disposition, Plaintiff does not assert that the Magistrate Judge erred in analyzing the ALJ's decision; instead, Plaintiff's objections to the Magistrate Judge's recommendation simply reargue the same allegations of error by the ALJ that the Plaintiff made to the Magistrate Judge. After a *de novo* review of the ALJ's decision, the Court reaches the same conclusion as the ALJ and the Magistrate Judge.

**Medical Evidence**

The ALJ's opinion analyzed medical evidence from at least eleven (11) consultative or treating providers. Three are at issue in the Motion to Remand.

Dr. Charles Mellon, M.D., (Doc. 20-3 at 21), stated that Plaintiff was not limited in his ability

- ? to understand and remember detailed and complex instructions
- ? to understand short and simple instructions
- ? to interact with the public, co-workers, and supervisors
- ? to adapt to changes in the workplace
- ? to be aware of normal hazards
- ? to react appropriately, and
- ? to use public transportation to travel to unfamiliar places.

Dr. Mellon found that Plaintiff had moderate limitations in his ability

- ? to carry out instructions
- ? to attend and concentrate, and

4

- to work without supervision.

The ALJ gave great weight to Dr. Mellon's opinion (Doc. 20-3 at 25).

Dr. Louis Wynne, Ph.D., consistent with Dr. Mellon, noted that Plaintiff could read and understand basic instructions, interact with the public, handle changes in the work place, recognize hazards, and manage his own benefits. Dr. Wynne also noted that Plaintiff's ability to persist at simple tasks was no more than mildly impaired (Doc. 20-3 at 25). The ALJ also assigned great weight to Dr. Wynne's opinion (Doc. 20-3 at 25).

Dr. Scott Walker, M.D., completed a mental residual functional capacity form and found that Plaintiff could

- understand, remember and carry out simple instructions
- make simple decisions
- attend and concentrate for two hours at a time
- interact adequately with co-workers and supervisors, and
- respond appropriately to changes in a routine work setting (Doc. 21-2 at 9).

Dr. Walker also opined that Plaintiff had moderate limitations in his ability

- to perform activities within a schedule and maintain attendance
- to complete a normal workday and workweek without interruptions. . . and to perform at a consistent pace without an unreasonable number and length of rest periods (somewhat contrary to Dr. Wynne's finding)
- to sustain an ordinary routine without special supervision, and
- to set realistic goals (Doc. 21-2 at 7-8).

As Plaintiff states in his objections, "moderately limited" means that an "individual's capacity to perform the activity is impaired" (Doc. 28 at 2). There is nothing in Dr. Walker's opinion to suggest that the "moderate limitations" meant that Plaintiff was incapable of performing simple tasks within a schedule and maintaining attendance, or that Plaintiff was incapable of completing a normal workday and workweek in a simple job, or that Plaintiff was incapable of performing at a consistent pace. Plaintiff does not argue that he is incapable of any of these tasks.

In completing the Mental Residual Functional Capacity Assessment (Doc. 21-2 at 7), Dr. Walker concluded that Plaintiff was "not significantly limited" in eleven (11) categories, "moderately limited" in nine (9) categories, and "markedly limited" in zero categories.   Furthermore, Plaintiff has not pointed to any treating or consultative examiner who concluded that Plaintiff had impairments or limitations beyond the moderate level, which is similar to a point made by the ALJ (Doc. 20-3 at 25).

### Hypothetical Question to Vocational Expert

Consistent with the medical evidence, the ALJ's questions to the vocational expert limited Plaintiff to simple, routine, repetitive, unskilled, sedentary positions (Doc. 20-4 at 28, 32).   The vocational expert stated that an individual with those limitations could work as a dowel inspector, circuit board screener, and security surveillance system monitor (Doc. 20-4 at 31-39).

### Allegations of Legal Error

Plaintiff argues in the briefing that the limitations in the questions to the vocational expert do not account for the limitations imposed by Dr. Scott Walker.   Plaintiff "contends that the ALJ impermissibly picked and chose which of Scott Walker's, MD, findings to incorporate" into the residual functional capacity and hypothetical questions presented to the vocational expert (Doc. 28 at 2).   While Plaintiff argues that the ALJ picked and chose which of Dr. Walker's findings to incorporate, it appears that Plaintiff has picked and chosen the consultative examiner that issued an opinion most favorable to Plaintiff, without considering the rest of Dr. Walker's opinions, the opinions of the other two consultative examiners, and the treating providers who do provide the

6

substantial evidence that Plaintiff is not disabled. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted). Here, the ALJ's residual functional capacity assessment and questions to the vocational expert indicate that the ALJ did consider all of the evidence. Plaintiff has not cited to any binding precedent that suggests that the ALJ's opinion is not supported by substantial evidence. As the Tenth Circuit concluded in Atkinson v. Astrue, "the fact that the ALJ did not discuss every single [moderate] limitation used by [the doctor completing a mental residual functional capacity assessment] to reach his ultimate opinion is not problematic." 389 F. App'x. 804, 807-808 (10th Cir. 2010) (unpublished).

The conclusion that substantial evidence supports the ALJ's decision requires that the Motion to Remand be denied. However, it is also noteworthy that Plaintiff does not allege that the ALJ's decision would have been different if the ALJ provided the level of minutiae that Plaintiff now seeks, from just one of the consultative examiners in an opinion that discusses at least eleven (11) different consultative or provider's statements. If there is not any allegation that the ALJ decision regarding disability would have been different if the ALJ had discussed in more detail Dr. Scott Walker's opinion, it suggests that any alleged error was harmless to the ultimate determination. The Court also notices that even if the ALJ had included greater limitations in the residual functional capacity assessment and the questions to the vocational expert, the ALJ still found that Plaintiff's records "reflect negatively on claimant's overall credibility" (Doc. 20-3 at 25).

**THEREFORE,**

**IT IS ORDERED** that the findings and recommendations of the United States Magistrate

7

Judge are adopted and the objections are overruled.

**IT IS FURTHER ORDERED** that Plaintiff=s Motion to Reverse or Remand Administrative Agency Decision (Doc. 22) is **DENIED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**